[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12159
Non-Argument Calendar
_____

D.C. Docket No. 9:15-mc-80651-KAM

In Re: Application of Kate O'Keeffe.

KATE O'KEEFFE,

                                                            Petitioner-Appellee,

versus

SHELDON G. ADELSON,

                                                            Movant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 13, 2016)

Before HULL, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

This appeal arises out of an application, filed by Petitioner-Appellee Kate O'Keeffe, for an order under 28 U.S.C. § 1782 to issue a subpoena to Nikita Zukov, a resident of Palm Beach, Florida, to produce documents and appear for a deposition to be used in a libel action in Hong Kong brought by Movant-Appellant Sheldon G. Adelson against O'Keeffe. The district court granted O'Keeffe's application and denied Adelson's motion to quash the subpoena. After review, we affirm.

## I. BACKGROUND

O'Keeffe is a journalist based in Hong Kong. O'Keeffe is currently being sued for libel in Hong Kong by Adelson. Adelson's Hong Kong libel action is based on a 2012 Wall Street Journal article O'Keeffe co-wrote about Adelson, in which Adelson was described as a "scrappy, foul-mouthed billionaire from working-class Dorchester, Mass." In his Hong Kong libel action, Adelson alleges that the article's description of him as "foul-mouthed" is false.

Seeking evidence in the United States that Adelson is in fact "foul-mouthed," O'Keeffe filed her application in the district court in the Southern District of Florida so she could depose and obtain documents from Nikita Zukov, an architect who had worked with Adelson in 1989. While Zukov did not object to the subpoena, Adelson filed a motion to quash the subpoena.

2

The district court denied Adelson's motion to quash.  In so doing, the district court found, as a magistrate judge had before it, that the statutory requirements of 28 U.S.C. § 1782 were met and that the discretionary factors identified in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 124 S. Ct. 2466 (2004), weighed in favor of granting O'Keeffe's application.  The district court further determined, contrary to the magistrate judge, that the evidence O'Keeffe sought from Zukov—that he witnessed Adelson use foul language when they worked together—was relevant and non-cumulative and was not sought as part of a fishing expedition or a campaign of harassment.

## II.  28 U.S.C. § 1782(a)

Under § 1782, a district court may order discovery from a person residing in the United States for use in a proceeding in a foreign or international tribunal.  28 U.S.C. § 1782(a).[1]  Although the district court's order may prescribe the practice

---

[1]Section 1782(a) provides, in relevant part:

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe

or procedure for taking the discovery, if the order does not do so, the discovery is taken "in accordance with the Federal Rules of Civil Procedure." Id.  To that end, under Federal Rule of Civil Procedure 26(b)(1), the § 1782(a) applicant may seek discovery of any nonprivileged matter that is relevant to any party's claim or defense.  See Application of Consorcio Ecuatoriano De Telecomunicaciones S.A., 747 F.3d 1262, 1272 (11th Cir. 2014); see also Fed. R. Civ. P. 26(b)(1).

"A district court has the authority to grant an application for judicial assistance if the following statutory requirements in § 1782(a) are met: (1) the request  must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing': (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." In re Clerici, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (quoting in part § 1782(a)) (footnote omitted).  Here, Adelson does not dispute that all four statutory requirements are met and that the district court had the authority to grant O'Keeffe's § 1782(a) application.

---

otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
28 U.S.C. § 1782(a).

If § 1782(a)'s four requirements are met, the district court may, but is not required to, provide assistance.  Id. at 1332.  The district court, in exercising its discretion, considers the four factors noted by the Supreme Court in Intel: "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' because 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is otherwise 'unduly intrusive or burdensome.'"  Id. at 1334 (quoting in part Intel, 542 U.S. at 264-65, 124 S. Ct. at 2483).

### III.  DISCUSSION

A.    **Standard of Review**

 "Whether, and to what extent, to honor a request for assistance pursuant to § 1782 has been committed by Congress to the sound discretion of the district court."  United Kingdom v. United States, 238 F.3d 1312, 1318-19 (11th Cir. 2001).  Accordingly, this Court's review for an abuse of discretion is "extremely limited and highly deferential," and "is identical to that used in reviewing the

5

district court's ordinary discovery rulings." Id. at 1319.  To the extent the district court's decision is based on an interpretation of law, our review is de novo.  Id. at 1319 n.8.

**B.    Analysis**

In this case, Adelson has not shown that the district court abused its discretion by granting O'Keeffe's § 1782(a) application.  For the reasons given by the magistrate judge, all the Intel factors weighed in favor of granting the application.  On appeal the only factor Adelson argues is the fourth Intel factor.  Given that Zukov has not objected to the subpoena and Adelson does not explain how the request is overly broad, we cannot say that O'Keeffe's requested discovery is either unduly burdensome or intrusive.

Adelson contends that O'Keeffe's requested discovery is "an improper 'fishing expedition' based entirely on speculation."  As the district court explained in its April 26, 2016 order, however, O'Keeffe's request is not based on speculation, but rather upon her counsel's personal conversations with Zukov, in which he indicated that he personally witnessed, and had a clear memory of, Adelson using foul language during their business interactions.  Thus, Adelson has not shown that the district court abused its discretion in concluding that O'Keeffe's request, which is limited to Adelson's use of foul language during his business interactions with Zukov, is not a fishing expedition.

Adelson alternatively argues that, even if all the <u>Intel</u> factors favor granting O'Keeffe's application, the district court nonetheless abused its discretion because Zukov's testimony about Adelson's foul language in 1989 is irrelevant.  For the reasons outlined in the district court's thorough and well-reasoned April 26, 2016 order, Zukov's testimony is relevant to the core issue, raised by Adelson himself in his Hong Kong libel action, that is, whether Adelson has the general character trait of being foul-mouthed.

For all these reasons, we affirm the district court's April 26, 2016 order sustaining O'Keeffe's objections and setting aside the magistrate judge's order and denying Adelson's motion to quash.

**AFFIRMED.**